RENKEN & YATES SMITH CORP. *v.* UNITED STATES [1]

United States Customs Court, Third Division

(Decided December 28, 1938)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph F. Donohue, Charles J. Miville*, and *Daniel G. McGrath*, special attorneys), for the defendant.

[1] C. D. 73.

Before Cline, Evans, and Keefe, Judges

Evans, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been collected in excess of the amount due upon importations of a variety of cocktail "sticks," "biscuits," and "wafers." A number of cases have been consolidated for trial. Five varieties of the imported commodity are involved in the controversy, designated on the invoices, as follows, with or without accompanying words or phrases: Harlequin sticks, cheddar sandwich, piquant sandwich, celery sandwich, and stiltonette wafers. Samples of these varieties were introduced in evidence at the trial and marked "Exhibits 1 to 5 inclusive," respectively.

The collector of customs assessed duty under the provisions of paragraph 733 of the Tariff Act of 1930 at 30 per centum ad valorem. Plaintiff claims the articles are not provided for *eo nomine* in the tariff act and are properly dutiable at 20 per centum ad valorem under paragraph 1558 of the same law.

For convenience of reference we set forth the respective paragraphs as follows:

Par. 733. Biscuits, wafers, cake, cakes, and similar baked articles, and puddings, all the foregoing by whatever name known, whether or not containing chocolate, nuts, fruits, or confectionery of any kind, 30 per centum ad valorem.

Par. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

Plaintiff introduced testimony of a witness who described the various articles involved and the manner in which they are manufactured. He stated that the invoice designations mentioned above always cover identical merchandise, although sometimes packed differently.

Cheddar sandwiches (Exhibit 2) were before this court and the Court of Customs and Patent Appeals in the case of *Renken & Yates Smith Corp.* v. *United States,* 22 C. C. P. A. (Customs) 225, T. D. 47143. The dutiable classification of piquant and celery sandwiches (Exhibits 3 and 4, respectively) was the subject of decision in Abstract 33688. The stiltonette wafers (Exhibit 5) were before us in Abstract 34006. The records in all of these earlier cases have been incorporated herein. From the testimony in the instant case it appears that the harlequin sticks (Exhibit 1) are similar to the stiltonette wafers except that they contain five or six different flavorings in the filling whereas the stiltonette wafers have only one.

In the case of *Renken & Yates Smith Corp.* v. *United States, supra,* it was held (we quote from the syllabus):

It would appear, therefore, that, considering the articles as a whole, they are sandwiches, composed of baked articles and cheese, and are not dutiable directly under paragraph 733 * * *.

In that decision and in all the other decisions cited above similar commodities were held to be unenumerated manufactured articles.

In the case now before us the Government introduced in evidence four analyses (Exhibits 6, 7, 8, and 9) which show the percentages of moisture, ash, starch, fat, protein, and, in some cases, mineral matter and lactose, contained in the imported commodities.

While admitting that similar articles have all been passed upon by the courts in previous decisions which overruled the contention that they are "baked articles" similar to "biscuits, wafers, cake, or cakes," the Government brief nevertheless asserts that the present record establishes that they are similar to cake, and especially to layer cake, in that layer cake is "made of two or more plain baked layers which have been made from a cake dough, but which are not prepared or intended to be eaten in single layers. These layers, after the baking process has been completed, are held together by a creamy flavored filling * * *." The brief further contends that inasmuch as the articles now before us are composed of baked halves of wafers, which in themselves are incomplete, unfinished, and unfit for the purpose served by the imported commodities, and until the fillings are added the articles are not complete, they are similar to layer cake.

The Government brief relies on the principle of tariff construction that an *eo nomine* provision for an article without limitations or shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, includes the article in all its forms, citing *Nootka Packing Co. et al.* v. *United States*, 22 C. C. P. A. (Customs) 464, T. D. 47464. Applying that principle it is contended that the provision for cake must include cake in all its forms, one of which is layer cake, and that the articles now before us, being baked articles similar to cake, are specifically provided for in said paragraph 733.

The fallacy of this argument is that the provision for cake in the paragraph in question is qualified by the words "whether or not containing chocolate, nuts, fruits, or confectionery of any kind." Therefore the provision is limited in scope and the rule would not apply. This view of the provision seems to have been taken by the Court of Customs and Patent Appeals in the later case of *United States* v. *Renken & Yates Smith*, 24 C. C. P. A. (Customs) 265, T. D. 48687, for the court, in speaking of the earlier case by the same appellant, *Renken & Yates Smith Corp.* v. *United States*, 22 C. C. P. A. (Customs) 225, stated:

In the *Renken & Yates Smith* case, *supra*, the merchandise was obviously sandwiches. It was bought and sold as "cheddar sandwiches." Furthermore, it contained cheese, a substance not mentioned in paragraph 733, *supra*.

Should we interpret this to mean that by the inclusion of the phrase "whether or not containing chocolate, nuts, fruits, or confectionery

of any kind," in said paragraph 733 Congress intended to limit the articles therein provided for to those which did or did not contain chocolate, nuts, fruits, or confectionery, and to exclude therefrom "similar baked articles" which contained other substances, such as cheese? If this interpretation of the appellate court's holding is correct, it negatives Government attorney's contention. We think that the court, with its familiarity with the legislative and judicial history of the provision of the law in question, correctly interpreted the paragraph when it indicated that Congress intended that the fact that biscuits, cake, cakes, etc., might contain chocolate, nuts, fruits, or confectionery of any kind, would not remove them from the purview of the paragraph. However, it did not intend to say that the contents of those enumerated articles other than the ingredients mentioned would be immaterial. This interpretation is in line with the history of the provision, for in the early litigation before this court, then the United States Board of General Appraisers, and before the Circuit Courts, the issue was whether or not the articles were "confectionery." See *United States* v. *Meadows*, 147 Fed. 757, affirmed in 154 Fed. 1005, a case which arose under the Tariff Act of 1897, which contained no specific provision for biscuits, wafers, etc. Thereafter in the Tariff Act of 1909 Congress in paragraph 244 of that act provided for—

Biscuits, bread, wafers, and similar articles, not specially provided for in this section * * *; biscuits, wafers, cakes, and other baked articles, by whatever name known, composed in whole or in part of eggs, or any kind of flour or meal, or other material, when sweetened with sugar, honey, molasses, or other material, or combined with chocolate, nuts, fruit, or confectionery of any kind, or both so sweetened and combined, and without regard to the component material of chief value * * *.

In the next tariff act, that of 1913, biscuits, bread, and wafers, not specially provided for, were transferred to the free list (paragraph 417) and, if containing chocolate, nuts, fruit, or confectionery of any kind, without regard to the component material of chief value, were made dutiable in paragraph 194 of the dutiable list.

In the succeeding act (1922) Congress provided for these articles "whether or not they contained chocolate, nuts, fruits, or confectionery or any kind," in paragraph 733 thereof. This provision was carried into the 1930 act without change as paragraph 733, now involved.

It is the view of this court that, had the intention been to provide for these articles regardless of the ingredients therein contained, it would have been so indicated. This was not done and we are therefore led to the conclusion that the only ingredients that were to be considered immaterial to the tariff classification of the articles in question were those specifically enumerated and no others. In that

view of the law the present articles would be excluded from the purview of the paragraph in that they contain substances other than "chocolate, nuts, fruits, or confectionery," to wit, cheese, in the case of all except the celery sandwiches (Exhibit 4), or, in that case, a cream or paste filling with a celery flavor.

We therefore find that the plaintiff's contention is well founded and that the articles are excluded from paragraph 733, *supra*. Not being specially provided for elsewhere in the tariff act, and being manufactured articles, they are dutiable under paragraph 1558 of the Tariff Act of 1930, as unenumerated manufactured articles, as claimed by the plaintiff.

Judgment will be rendered accordingly. It is so ordered.