(C. D. 225)

L. OPPLEMAN, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 11, 1939)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *Charles D. Lawrence*, Acting Assistant Attorney General (*Richard E. Fitz Gibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: These are suits against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on particular importations of altimeters. Duty was levied thereon at the rate of 45 per

centum .ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of said act as machines not specially provided for.

A sample of the imported articles is in evidence as Exhibit 1. In addition, the plaintiff offered the testimony of a single witness, no evidence having been submitted by the Government.

The witness, Samuel Sanders, secretary and general manager of the plaintiff corporation, identified exhibit 1 as representing the articles covered by protest 939196–G, and then testified that the merchandise covered by protest 937941–G was similar in all respects to said exhibit, except that the latter had a compass inserted on the rear which was incapable of being separated; that the altimeters covered by these protests operate in the same identical way as aneroid barometers; that the pressure of air acting on a diaphragm moves the different levers and gears so as to operate the pointer which registers on the dial; that in the operation of these altimeters there are nine different motions of the parts; that these altimeters are used in airplanes and elsewhere to determine altitudes; that they are not very accurate for the reason that any change in the air pressure other than by actual variation in height will affect the instrument.

Upon this record we find that the operation of the altimeters at bar is precisely the same as the operation of aneroid barometers.

The proper dutiable classification of aneroid barometers was the subject of our decision in the case of *L. Oppleman, Inc.* v. *United States*, T. D. 48910, 71 Treas. Dec. 594. In affirming our ruling in that case holding said aneroid barometers to be machines within the meaning of paragraph 372 of the Tariff Act of 1930, the appellate court, in *United States* v. *L. Oppleman, Inc.*, 25 Ct. Cust. Appls. 168, T. D. 49271, said:

The aneroid barometers here involved operate in accordance with mechanical principles. That they are mechanical contrivances, having operating movable parts, such as springs, hairsprings, levers, chains, and diaphragms, without which parts and their coordinate movements the articles would not function, cannot be seriously questioned. They are somewhat like weighing or computing scales which are clearly machines, and were held to be dutiable as such under paragraph 372 of the Tariff Act of 1922 by the Board of General Appraisers (now United States Customs Court) in the case of *C. J. Tower & Sons* v. *United States*, T. D. 40876, 47 Treas. Dec. 569, which decision was called to the attention of the Congress during its consideration of paragraph 372 of H. R. 2667, which later became paragraph 372 of the Tariff Act of 1930. See Summary of Tariff Information, 1930, Vol. 1, p. 841.

As we understand the argument of counsel for the Government it is, in the final analysis, that the involved articles are not machines, within the purview of paragraph 372, *supra,* because their operation depends upon natural energy and force, rather than upon energy or force artificially produced and actuated.

The fallacy of that argument is exposed, we think, when it is recalled that various kinds of complicated machines are operated by water power (running streams, falling water, and the tides), such, for example, as milling machines. Certainly, a windmill is no less a machine simply because it is operated by a natural force—the wind.

We are of opinion that the question of whether the involved articles are machines within the purview of paragraph 372, *supra*, does not depend upon the source of the force or energy which motivates them, but rather upon the character and operation of the articles themselves.

We think it is clear from what has been said that the involved articles are mechanical contrivances which utilize and apply energy or force, and are, therefore, machines. It is true, they do not apply energy or force or transmit motion to some other device, but neither do cash registers, *eo nomine* provided for in paragraph 372, *supra*, radio receiving sets, held to be machines in the case of *United States* v. *Janson Co.*, *supra*, or weighing or computing scales, held to be machines in the *C. J. Tower & Sons* case, *supra*, and many other machines which we need not enumerate here. Nevertheless, they are machines and, in the absence of a more specific designation, dutiable as such under paragraph 372, *supra*.

We are in entire accord with the reasoning and conclusion reached by the trial court. The judgment is accordingly *affirmed.*

Inasmuch as we regard said decisions as here controlling, we hold as a matter of law that the present altimeters are machines and as such properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930 as machines not specially provided for, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.