464

Before the Third Division, October 27, 1939

No. 42588.—Protest 991702-G of Kwong Mee Yuen (New York).

Opinion by Evans, J. In accordance with stipulation of counsel and on the authority of Abstract 34104 the apricot kernels in question were held dutiable at 3 cents per pound under paragraph 762 as claimed.

No. 42589.—Protest 898993-G of W. R. Zanes & Co. (Galveston).

Opinion by Evans, J. It was stipulated that the merchandise consists of baked articles the same as those the subject of *Renken* v. *United States* (1 Cust. Ct. 309, C. D. 73). The claim at 20 percent under paragraph 1558 was therefore sustained.

No. 42590.—Protests 806379-G/85038, etc., of Sprague Warner & Co. (Chicago).

Opinion by Evans, J. It was stipulated that the merchandise consists of baked articles the same as those the subject of *Renken* v. *United States* (1 Cust. Ct. 309, C. D. 73) and *Wile* v. *United States* (T. D. 49514). The claim at 20 percent under paragraph 1558 was therefore sustained.

No. 42591.—Protest 726366-G of Hiyama Shoten (Honolulu).

Opinion by Evans, J. In accordance with stipulation of counsel rubber balls the same as those passed upon in *United States* v. *Woolworth* (24 C. C. P. A. 338, T. D. 48770) were held dutiable at 30 percent under paragraph 1502 as claimed.

No. 42592.—Protests 989603-G, etc., of Swift & Co. (Buffalo).

Opinion by Evans, J. On the records presented the protests were overruled.

Before the Second Division, October 30, 1939

No. 42593.—Protests 291942-G, etc., of Calvaire (New York).

Opinion by Dallinger, J. It appeared that the merchandise consists of sets each composed of an atomizer, two small bottles, a big bottle, and a jar, used on dressing tables, in boudoirs, in bedrooms, and bathrooms in homes. On the record it was found that the articles are household utensils. The claim at 40 percent under paragraph 339 was therefore sustained.