**No. 43087.**—Protest 8689–K of R. L. Albert & Son, Inc. (New York).

Opinion by EVANS, J. It was stipulated that the merchandise consists of baked articles the same as those the subject of *Renken* v. *United States* (1 Cust. Ct. 309, C. D. 73). The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 43088.**—Protest 928818–G of Milnor Inc. (Honolulu).

Opinion by KEEFE, J. On the authority of *Kwong* v. *United States* (T. D. 49409) the wooden stands in question were held separately dutiable at 33⅓ percent under paragraph 412 as claimed.

**No. 43089.**—Protest 984771–G of Burritt Lumber Sales Co., Inc. (Detroit).

Opinion by KEEFE, J. The facts disclosed that in Canada the lumber was planed and that there was an advance in value and improvement in condition thereof. There was no evidence that any attempt was made to comply with the regulations required by paragraph 1615. *Clukey* v. *United States* (T. D. 45373) cited. On the record presented the protest was overruled.

BEFORE THE FIRST DIVISION, JANUARY 24, 1940

**No. 43090.**—Protest 825148–G of Langfelder, Homma & Hayward, Inc. (Seattle).

Opinion by BROWN J. In accordance with stipulation of counsel the paperweights in question which were plated with silver were held dutiable at 50 percent under paragraph 339 as claimed. *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) followed.

**No. 43091.**—Protest 866630–G of H. Muehlstein & Co., Inc. (Philadelphia).

Opinion by BROWN J. It was stipulated that the merchandise consists of hard-rubber dust similar to that the subject of *Weber* v. *United States* (3 Cust. Ct. 8, C. D. 190). The claim at 25 percent under paragraph 1537 was therefore sustained.

**No. 43092.**—Protest 919607–G of W. T. Grant Co., Inc. (New York).

Opinion by BROWN, J. Novelty brushes similar to those the subject of Abstract 34593 were held dutiable at 50 percent under paragraph 1506 as claimed.