No. 43149.—Protest 777303–G (C) of L. Oppleman, Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of barometers and altimeters of the same kind as those the subject of *Oppleman* v. *United States* (3 Cust. Ct. 167, C. D. 225). The claim at 27½ percent under paragraph 372 was therefore sustained.

No. 43150.—Protests 751023–G, etc., of Cherry Co. et al. (Honolulu).

Opinion by DALLINGER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, JANUARY 30, 1940

No. 43151.—Protest 988250–G of Atlantic & Pacific Packing Co. (New York).

Opinion by CLINE, J. It was established that the boxes in which the herring was packed were marked "Gt. Britain." On the authority of Abstract 38243 the protest was sustained.

No. 43152.—Protests 987208–G (A), etc., of Charles & Co. (New York).

Opinion by CLINE, J. It was established that 53 1-pound packages of plum pudding were legally marked at the time of importation as the immediate containers thereof were marked with the country of origin. The protests were sustained to that extent.

No. 43153.—Protest 929785–G of Albert Eckstein & Co. Inc. (New York).

Opinion by CLINE, J. It appeared that the Baku hats were packed in paper cartons which in turn were covered with burlap. No marking was found on either the hats or the paper cartons but the burlap was marked. As the paper cartons were the immediate containers of the hats the protest was overruled on the authority of *Givaudan* v. *United States* (22 C. C. P. A. 115, T. D. 47104).

No. 43154.—Protests 896685–G, etc., of S. S. Pierce Co. (Boston).

Opinion by EVANS, J. It was stipulated that the merchandise consists of baked articles similar to those the subject of *Renken* v. *United States* (1 Cust. Ct. 309, C. D. 73) and *Wile* v. *United States* (T. D. 49514). The claim at 20 percent under paragraph 1558 was therefore sustained.

No. 43155.—Protests 908950–G, etc., of Q. W. Lung & Co. et al. (Boston).

Opinion by EVANS, J. It was stipulated that the merchandise consists of fish in lard with beans the same as the commodity the subject of Abstract 42516. The claim at 20 percent under paragraph 1558 was therefore sustained.