No. 44882.—Protests 238–K, etc., of Premier Peat Moss Corp. et al. (New York).

Opinion by EVANS, J. It was stipulated that the merchandise consists of peat moss of the same character as that passed upon in *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319). The claim for free entry under paragraph 1685 was therefore sustained.

No. 44883.—Protest 899004–G, of W. R. Zanes & Co. (Galveston).

Opinion by EVANS, J. As the record failed to disclose proof sufficient to overcome the presumption of correctness attaching to the collector's action the protest was overruled.

No. 44884.—Protests 24785–K, etc., of F. B. Vandegrift & Co. (Philadelphia).

Opinion by EVANS, J. On the record presented the protests were overruled.

No. 44885.—Protests 815529–G, etc., of Close & Stewart (Seattle).

Opinion by EVANS, J. On the record presented the protests were overruled.

BEFORE THE FIRST DIVISION, DECEMBER 9, 1940

No. 44886.—Protest 994309–G of Josef Kawaler (New York).

Opinion by WALKER, J.—It was stipulated that the lift vans in question are the same as those the subject of Abstract 43642. The claim for free entry was therefore sustained.

No. 44887.—Protests 963762–G, etc., of S. S. Kresge Co. (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of Abstract 43206 the glass artificial trees in question were held dutiable at 60 percent under paragraph 1518 as claimed.

No. 44888.—Protest 13081–K of H. Muehlstein & Co., Inc. (New York).

Opinion by WALKER, J. It was stipulated that the merchandise consists of hard-rubber dust similar to that the subject of *Weber* v. *United States* (3 Cust. Ct. 8, C. D. 190). The claim at 25 percent under paragraph 1537 was therefore sustained.