UNITED STATES v. THOMAS MEADOWS & CO.

(Circuit Court, S. D. New York.   June 22, 1906.)

No. 3,728.

CUSTOMS DUTIES—CLASSIFICATION—WAFERS—BISCUITS—CONFECTIONERY.
    Sweet crackers, known as "wafers and biscuits," in which the proportion of the sweetened centers to the pastry envelopes, is large, but in which flour is used to a substantial extent, are not dutiable either directly or by similitude as "confectionery," under Tariff Act July 24, 1897, c. 11, § 1, Schedule E, par. 212, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,830, T. D. 25,731, which reversed the assessment of duty by the collector of customs at the port of New York on certain imported merchandise, which was classified as confectionery under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule E, par. 212, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647], for "sugar candy and all confectionery not specially provided for."

Albert H. Washburn (Charles Duane Baker, Asst. U. S. Atty., and Earl D. Babst, Special Asst. U. S. Atty., on the brief).

Walden & Webster (Henry J. Webster, of counsel), for importers.

PLATT, District Judge.   The merchandise in suit consists of four exhibits.   Exhibits A and C were invoiced as "Arctic and President Wafers," respectively; Exhibits B and D as "Acorn and Philippine Biscuits," respectively.   The collector assessed them under Act July 24, 1897, c. 11, § 1, Schedule E, par. 212, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647] at 50 per cent. ad valorem.   The importers protested, and after a hearing, the Board of General Appraisers sustained the protest and placed them under section 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], as unenumerated manufactured articles.   The government seeks a review, and much additional testimony has been taken.

It is not an easy matter to draw an exact dividing line between candy and pastry.   In early days an apothecary was called a confectionary or confectioner, because he used sweets to disguise the nauseous taste of his medicines, and thus by analogy, we have come to look upon the confectioner as the master of the art of making candy and confections.   When the last tariff act was passed the word confectionery had a rather broader meaning in England than in this country.   The sugar wafers of neither country had, however, so attracted the attention of the Congress as to receive special recognition.   They had been imported ever since the war in large quantities, and the proportion between the sweetened centers and the pastry envelopes had gradually changed in favor of the former, but they were always treated by the authorities and by the trade as products of the baker's art until within the last year or two.   There has been some effort of late in the trade to treat similar articles as confections, but even so interested a party as the National Biscuit Company has catalogued them under the general term of biscuits, and the merchandise in suit has been generally

bought, sold, and listed in the wholesale trade as biscuits or crackers. The local interest has now become so large and effective that an attempt is made to classify them, for tariff purposes, as a product of the confectioner's art; and so the issue confronts us. Confections on the one hand, sweetened biscuits and sugar wafers on the other: Shall they all be classified as confectionery, or shall the latter two remain where they have long stood as products of the baker's or pastry cook's art?

In both arts we can find considerable quantities of sweetening, and on the baker's side may be instanced the sweet cookies of our childhood days. In one way, however, the line of demarcation is strongly emphasized. The confectioner uses practically no flour, and the baker always uses it; in varying quantities, it is true, but in every case to a substantial amount. As the sugary proportion increases in the baker's art, the point will soon be reached where, if the flour shall be used at all, that use will be purely incidental. When its sole use shall be, as the government puts it, to form an envelope to contain a confectionery filler, it will be a mere trick, or subterfuge, to point out its presence. As I view the matter, that time has not yet arrived. The sweetened centers of the merchandise in suit would be disagreeable and nauseating without the disguise offered by the harmonious assimilation therewith of the pastry exterior. These reasons, as well as others, offer a satisfactory answer to the similitude contention put forward by the government. After the substantially uniform treatment by the trade and authorities for many years of merchandise very much like that in suit, though with possibly a trifle less sweetening, as products of the baker's art, it would be, as I view the matter, judicial legislation to change the classification at this moment.

The decision of the Board of Appraisers is affirmed.