### PEOPLE v. FRIEDMAN.

(Supreme Court, Appellate Division, Second Department. April 30, 1909.)

1. HEALTH (§ 37*)—REGULATIONS.

Accused kept a tailor shop on the ground floor of a four-story building, the upper stories of which were occupied as a tenement house, and had in his possession about a quart of naphtha or gasoline for cleaning garments. Tenement House Act (Laws 1901, p. 900, c. 334) § 40, as amended by Laws 1903, p. 406, c. 179, § 25, prohibits any tenement house, or part thereof, from being used to store any combustible article, or to store or keep feed, straw, feathers, rags, etc. *Held* that, while accused's act was within the strict letter of the statute, it was not within its spirit, and was not an offense thereunder.

[Ed. Note.—For other cases, see Health, Dec. Dig. § 37.*]

2. STATUTES (§ 241*)—CONSTRUCTION—PENAL STATUTES.

A penal statute should be construed more strictly than a contract.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 322, 323; Dec. Dig. § 241.*]

3. HEALTH (§ 32*)—STATUTES.

Tenement House Act (Laws 1901, p. 900, c. 334) § 40, as amended by Laws 1903, p. 406, c. 179, § 25, prohibiting the using of a tenement house for storing any combustible article, etc., or for keeping or storing feed, feathers, rags, etc., must be strictly construed.

[Ed. Note.—For other cases, see Health, Dec. Dig. § 32.*]

Appeal from Court of Special Sessions of City of New York.

Isidore Friedman was convicted of violating Tenement House Act (Laws 1901, p. 889, c. 334) § 40, as amended by Laws 1903, p. 395, c. 179, and he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Charles M. Davenport, for appellant.

Peter P. Smith, Asst. Dist. Atty., for the People.

HIRSCHBERG, P. J.  The appellant has been convicted of the crime of violating the provisions of section 40 of the tenement house law (chapter 334, p. 900, of the Laws of 1901, as amended by chapter 179, p. 406, of the Laws of 1903).  The section, as amended, reads as follows:

"Sec. 40. Combustible Materials.—No tenement house, nor any part thereof, nor of the lot upon which it is situated, shall be used as a place of storage, keeping or handling of any combustible article except under such conditions as may be prescribed by the fire department, under authority of a written permit issued by said department.  No tenement house, nor any part thereof, nor of the lot upon which it is situated, shall be used as a place of storage, keeping or handling of any article dangerous or detrimental to life or health, nor for the storage, keeping or handling of feed, hay, straw, excelsior, cotton, paper stock, feathers or rags."

At the time charged in the information, the defendant was an occupant of premises in the borough of Brooklyn, on the ground floor of which he maintained a ladies' tailoring establishment.  The building is of four stories; the upper floors being occupied as a tenement house.  He had in his possession about a quart of naphtha or gasoline, which he used in his business for cleaning garments.  While his act was within the strict letter of the statute, it was not within its spirit and intent, and I do not think it constituted a criminal offense.  It has often been held that such an act as that committed by the appellant would not be deemed a violation of the provisions of an insurance policy prohibiting the storing of certain articles; and the provisions of a penal statute are to be construed more strictly than the terms of a contract.

In N. Y. Equitable Ins. Co. v. Langdon, 6 Wend. 623, it was held that the keeping by a grocer of spirituous liquors and oils as incidental to his business was not a storing of such articles within the meaning of the policy.

In O'Niel v. Buffalo Fire Ins. Co., 3 N. Y. 122, it was held that the provision of a policy forbidding the use of a building for purposes denominated "extrahazardous" or for the storing of articles denominated "hazardous" was not violated by the use of such articles in the course of the repairing and painting of the building.

In Hynds v. Schenectady Co. Mutual Ins. Co., 11 N. Y. 554, it was held that a condition in a policy of insurance upon a building, which prohibited its being appropriated, applied, or used for the purpose of storing or keeping therein certain articles denominated "hazardous," is not violated by a mere temporary or casual deposit of such articles in the building.  The court said (page 561):

"It is not enough * * * that hazardous articles are upon the premises. They must be there for the purpose of being stored or kept, and the premises must be appropriately applied or used to effect that purpose. This is the definition that has been settled by repeated decisions in refer-

ence to the word 'storing,' and there is no reason why it should not be applied to 'keeping,' a word of more extensive signification undoubtedly, but which, in this connection, seems to demand a continued occupation of the whole or a part of the premises insured, in pursuance of a design, for that specified purpose."

In Williams v. Fireman's Fund Ins. Co., 54 N. Y. 569, 13 Am. Rep. 620, it was held that a provision in a policy of fire insurance prohibiting the storing or keeping of certain hazardous articles has reference to a storing or keeping in a mercantile sense in considerable quantities, with a view to commercial traffic, or when storing or safekeeping is the sole or principal object of the deposit; not where the keeping is incidental and only for the purpose of consumption. See, also, Harper v. Albany Mut. Ins. Co., 17 N. Y. 194; Harper v. N. Y. City Ins. Co., 22 N. Y. 441; Williams v. People's Fire Ins. Co., 57 N. Y. 274; and Archer v. Merchants' & Manufacturers' Fire Ins. Co., 43 Mo. 434.

Giving to the statute the strict construction required by law (People v. Rosenberg, 138 N. Y. 410, 415, 34 N. E. 285), it is obvious that the daily use by the appellant in his business of the small quantity of naphtha which was found in his possession was not an offense against a law prohibiting the storage of the combustible articles. The construction which would be required in order to maintain the conviction would be taking the language of the statute in the most strict and literal sense. That view would include the keeping or handling of a box of matches in a tenement house and the wearing of feathers upon the hat of a female occupant. It is unnecessary to hold that the appellant could not keep on his premises such a quantity of naphtha or gasoline, even for use in his business, as might offend the provisions of the act in question; but it seems obvious that his possession of the small quantity proven, for the purpose for which he concededly had it, was not a criminal act within the intent and spirit of the law.

The judgment of conviction should be reversed.

Judgment of the Court of Special Sessions reversed, and proceeding dismissed. All concur.