CITY OF NEW YORK, Respondent, *v.* GLOBE NEON TUBE CORPORATION, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, May 2, 1933.

*George Garfunkel,* for the appellant.

*Arthur J. W. Hilly, Corporation Counsel [Henry J. Shields* of counsel], for the respondent.

SALOMON, J. The defendant is charged with a violation of section 200, article 15, chapter 10 of the Ordinances of the City of New York, which provides as follows: " No person shall manufacture, store or keep for sale paints, varnishes or lacquers or any other substances, mixtures and compounds commonly used for painting, varnishing, staining or other similar purposes, in quantities greater than 20 gallons, without a permit."

The complaint charges that on the 24th day of January, 1933, the defendant did unlawfully and willfully store and keep paint, varnishes and lacquers in excess of twenty gallons on the premises 3481 Third avenue in the borough and county of Bronx, city of New York, without a permit.

The undisputed evidence in this case is that on the 24th day of January, 1933, the defendant occupied the first floor of a four-story tenement house, where it conducted the business of painting and manufacturing signs, and did then and there have on hand in its said business in said premises thirty-five gallons of paint, one gallon of turpentine, one gallon of benzine and five gallons of color; that the defendant did not have a permit.

This chapter of the city ordinances deals with explosives and hazardous trades exclusively, and article 15 thereof, which includes the above section, specifically provides against manufacturing, storing or keeping for sale paints, varnishes or lacquers or any other substances, mixtures and compounds commonly used for painting in quantities greater than twenty gallons without a permit.

The appellant contends that it has not violated this section inasmuch as it is engaged in the sign painting business and does not come within this section.

The court is mindful of the cases holding that the statutes providing against the storing and keeping for sale of adulterated foods contemplate not only the mere possession of such adulterated foods but a possession coupled with evidence of offering same for sale.

It cannot be doubted that the statutes forbidding the keeping, storing or offering for sale of adulterated foods were enacted to protect the community against unwholesome foods, and the courts have properly held that the mere keeping or having in one's possession adulterated foods without evidence of offering for sale or intention of selling same is not a violation of the law, because the only danger contemplated and anticipated by our lawmakers is the selling of same for human consumption. Mere possession would endanger nobody.

In the case at bar, however, the statute providing against the manufacturing, selling or keeping for sale of certain quantities of paint, varnishes or lacquers without a permit contemplates and is in our mind a hazard to the community in having such combustible and explosive articles in one's possession. In other words, the mere possession alone creates the hazard under the statute in question. Whereas in the case of adulterated foods the distribution and sale of the articles for consumption only create the hazard.

The appellant cites in his brief to maintain his contention the case of *People* v. *Friedman* (132 App. Div. 61), and he quotes from that case. In that case the defendant had a tailor shop, and the evidence showed that the defendant merely kept a quart of naphtha in his possession for cleaning garments, and the court properly said that it is obvious that the statute did not contemplate the mere daily use by the appellant in his business of a small quantity of naphtha, and goes further to state, to hold that such a daily use of such a small quantity of naphtha would even justify a conviction in the event that one would have a box of matches in a tenement house. The judge further states as follows: " It is unnecessary to hold that the appellant could not keep on his premises such a quantity of naphtha or gasoline, even for use in his business, as might offend the provisions of the act in question.''

The appellant further contends that the wording of the ordinance and its punctuation exempts the corporation from liability because the inflammable articles were not stored for sale or kept for sale. The intention of the ordinance was to do away with or control fire hazards due to the storage of combustible materials in large quantities. As stated above, the hazard exists from the storing of the combustible articles, whether they be for sale or not. The omission of a comma between the words " store " and " or keeps for sale " is an imperfect expression of this intention. The presence of a comma after the word " store " would make that intention certain. Punctuation is subordinate to the text, and it is never allowed to control the plain meaning of the act. In construing statutes it is not a safe rule to place too much reliance upon the punctuation. (1 McKinney's Consolidated Laws, title Statutes and Statutory Construction, § 102.)

In the case at bar the defendant was engaged in the business of sign painting, and such a business chiefly consists of mixing and the usage of paints, lacquers, benzine, etc., and the very nature thereof makes it a hazard and must have been contemplated by the section in question.

In my opinion the evidence justified the court in finding the defendant guilty of a violation of the section, and the judgment must, therefore, be affirmed.

KERNOCHAN, P. J., and FETHERSTON, J., concur.