THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* IRVING WOLEN, Defendant.

City Magistrates' Court of New York, Borough of Brooklyn, Seventh District, November 16, 1936.

*Joseph A. Esquirol,* for the People.

*Nathan Rachael,* for the defendant.

RUDICH, C. M. The defendant is charged with violating one of the Sabbath Laws (Penal Law, § 2147) in that on Sunday, September 27, 1936, at four forty-five P. M., he sold to the complainant a can of tomato soup, a can of peas and a can of corn. The defendant operates a delicatessen store, selling cooked meats such as corned beef, tongue, bologna, frankfurters and the like, in addition to canned foods. Nothing of what he sells is eaten on the premises. He moves for dismissal of the complaint on the ground that under subdivision 5 of that section, delicatessen dealers are permitted to sell " cooked and prepared foods " between the hours of four P. M. and seven-thirty P. M. on Sundays, and that the articles which he sold to the complainant come under that definition.

The testimony is clear that these foods are cooked at the cannery either before or after canning. It is also evident that they are " prepared " in the sense that the vegetables from which they derive their respective origins undergo various processes which it is unnecessary to describe here, and the resulting product is inclosed in cans. They are " put into a state for use," as Webster's Unabridged Dictionary (2d ed.) defines the word " prepare." In the form that the articles specified reached the purchaser's hands they were ready to be eaten, and it was not even essential that they be heated before being served. I, therefore, hold that they come within the definition of " cooked and prepared foods."

It may be true that when the Penal Law was amended in 1913, so as to permit such sales by delicatessen dealers at the hours stated, the art of preserving food in cans had not reached its present day state of development. Nowadays we have truck farm and barnyard, lake and sea, orchard and field, each giving from its bounteous store; skilled human hands and robot machines prepare the yield for human consumption, divide it into suitable portions, seal it in tight containers, and the feast is ready for the table. In a large percentage of metropolitan homes, particularly those in which the kitchen equipment consists chiefly of a can opener and a telephone, the Sunday evening meal is merely a matter of serving upon plates what has been obtained from the delicatessen store a few minutes earlier. A complete dinner of many courses can be pried out of metal or glass containers. Nevertheless it cannot be said that in the year when the Legislature enacted the amendment it had in mind only such cooked and prepared foods as meats and fish not inclosed in containers. Even at that time victuals in fair variety, including soup, peas and corn, were being sold in cans, and the law-making body must have intended to include them in the phraseology employed.

Grocers complain of unfair discrimination under the law as it now stands. They, with shelves crammed full of the same edibles, are compelled to close their doors at ten A. M. on Sunday and to keep them closed, while delicatessen dealers are permitted to reopen at four P. M. and to sell all this competing merchandise until seven-thirty P. M. This court is asked to equalize conditions between the two by giving to the words " cooked and prepared foods " a meaning restricted to meats and fish not inclosed in containers. To so construe these words this court would have to view them in the light of conditions prevailing in a generation long preceding that in which the amendment was enacted. In general, too, the more recent trend in legislation and in statutory interpretation is toward permitting greater freedom of action on Sundays. Following that trend, I hold that subdivision 5 of section 2147 of the Penal Law permits delicatessen dealers to sell the articles in question at the hours stated. The Legislature, if it sees fit, may come to the aid of the grocer either by permitting him to sell canned foods during the same hours as the delicatessen dealer or by prohibiting the latter from selling such foods after ten A. M. on Sunday. The courts, however, can do nothing to change the present situation.

The defendant is discharged.