The People of the State of New York, Plaintiff, *v.* Eleanor Kent, Defendant.

City Magistrate's Court of New York, Borough of Bronx, May 1, 1937.

*Samuel J. Foley, District Attorney [Marvin Lechtman, Assistant District Attorney, of counsel], for the plaintiff.*

*Edward L. Cole, for the defendant.*

Abeles, C. M. The charge against the defendant is that she sold, on Sunday, February 21, 1937, after ten o'clock in the mor_ing, certain " cup cakes," and in this violated section 2147 of the Penal Law, a statute designed to regulate public traffic on Sundays.

The pertinent provisions of the section read:

" All manner of public selling or offering for sale of any property upon Sunday is prohibited, except as follows: 1. Articles of food may be sold, served, supplied and delivered at any time before ten o'clock in the morning: * * *

" 4. Prepared tobacco, milk, eggs, ice, soda-water, fruit, flowers, confectionery, souvenirs, newspapers, gasoline, oil, tires, drugs, medicines and surgical instruments, may be sold in places other than a room where spirituous or malt liquors or wines are kept or offered for sale and may be delivered at any time of the day."

Six of the cup cakes were sold by the defendant, for twenty cents, to a customer of Cushman's Sons, Inc., by whom she was employed at the time. Under a stipulation entered in the record a cup cake of the kind she sold was described as a very rich, sweet cake, cup shaped in form, about two inches in diameter, two and one-half inches in total height, of which one inch consisted of cake and the rest of candy icing, described also as sugar or fudge icing with fancy little chocolate sprinkling, the whole with sugar all around it, and the whole containing sixty per cent sugar by weight, the part other than the icing about twenty-five or thirty per cent of sugar, and the rest eggs and flour.

It is urged in behalf of the People that these cup cakes are not comprehended in the term "confectionery" used in the statute and, hence, not within the part of it which permitted sales after ten o'clock in the morning on Sundays. For the defendant it is argued that they are comprehended in that term in the statute. The enactment contains no definition of the disputed term. The People's argument, summarized, is that it embraces "candy," among other things, but not cake; while that for the defendant ascribes to it a far greater latitude of meaning, wide enough at least to admit within it the dainties she sold. It becomes necessary, therefore, first to seek within the word itself for what meaning it contains, and next to consider its general acceptation. It is obvious that a strict definition of it is impossible for the reason that it is not a term of description, specifying any substance or form of the objects to which it may be applied. Its progenitor, the verb "confect," merely means to "compound," "prepare," "construct," or "put together" (Funk & Wagnalls New Standard Dict.), and any compound is, in a literal sense, a confection. Thus, according to the same lexicon: Confection. 1. "Any mixing or compounding, or the article so produced. (1) An article of confectionery; a sweet-meat. (2) Med. An electuary; a conserve. (3) Any compound of drugs or spices. And thou shall make it a perfume, a confection after the art of the apothecary, tempered together, pure and holy. Ex. XXX, 35. 2. An attractive, stylish article of furniture or dress for women, as a wrap, mantle, or the like. 3. Any compound or preparation." And, according to judicial authority (*United States* v. *Meadows & Co.*, [C. C.] 147 F. 757; affd., 154 id. 1005; 83 C. C. A. 297), an apothecary was in former times called a "confectionery or confectioner, because he used sweets to disguise the nauseous taste of his medicines, and thus by analogy, we have come to look upon the confectioner as the master of the art of making candy and confections." "Candy," in contradistinction of the broad word "confectionery," has come to fairly describe only

a comparatively limited variety of dainties composed almost wholly of sugar. Other products, however, in which sugar forms a large or even predominant part, made for consumption in ever-increasing volume and variety, called for a broader and more comprehensive designating term; hence the adherence to the very free, sweeping and indeed non-commital term " confectionery " aptly extending over them as well as over candies of all sorts. Here the lexicons note: Sweetmeat: " Any *food* rich in sugar, as *cake*, candy, sweet pastry, etc. Specific.: (a) a candied or crystallized fruit, (b) a confection, a candy." (Merriam Webster.) Sweetmeat: " A confection, jelly, preserve, or other sweet food or dainty." (Funk & Wagnalls.) Confectionery: " Sweetmeats in general; things prepared or sold by a confectioner." (World Syndicate Webster.) Confectionery: " Sweetmeats, in general; things prepared and sold by a confectioner; confections, candies." (Merriam Webster.) Confectioner: " One who manufactures or deals in confections, such as candies, bonbons, *cakes*, ice cream, comfits." (World Syndicate Webster.) Confectioner: " One who makes confectionery or confections; specifically, one who makes or sells candies, candied fruits, bonbons, caramels, comfits, or other articles prepared with sugar, as *cake*, *ice cream*, etc." (Century Dict.) Confectioner: " One who makes confections, sweetmeats, candies, *cakes*, *light pastry*, etc." (New English Dict. on Historical Principles, Oxford.) Sweetmeat: " collect pl. Sweet food, as sugared *cakes* or *pastry;* confectionery; preserved or candied fruits, sugared nuts, etc." (Id.) Confectionery: " A place where sweetmeats and similar things are made or sold; a confectionery store or shop." (World Syndicate Webster.) A confectioner's product is, of course, confectionery, and, according to these authorities, cakes, light pastry and sweet foods are included in the term. The suggestion, therefore, advanced in support of the charge, that the inclusion of flour and eggs marks, for judicial recognition, a line for distinction of confections in general from candies in particular, is hardly acceptable, for that would necessitate an arbitrary fixation irrespective of the proportion, however slight, that these ingredients might bear to the whole. The statute draws no line, supplies no definition of the term, and, significantly, omits the use of the word " candy," which it may well be supposed it would have used had that been its intention. I find no warrant for holding that " confectionery " excludes the cup cakes in question, and less still for limiting its meaning so as to embrace only what are commonly referred to as candies. " A penal statute should use language which is clear so that all who read it may know what act is forbidden. Though ignorance of the law may ordinarily constitute no excuse for its infraction, the courts may not give

to words of the statute a sense different from that in which they would be understood by the ordinary citizen." (*People* v. *Stoll*, 242 N. Y. 453.) The warning in such a statute must be " unequivocal." (*People* v. *Shakun*, 251 N. Y. 107.)

The case of *United States* v. *Meadows & Co.* (*supra*), cited for the People, cannot aid in the present case. It arose under the tariff act and the court was called upon to say, for the the purpose of determining the amount of duty to be paid on an importation, whether the goods should be classified as confection, on the one hand, or sweetened biscuits and sugar wafers on the other. After observing that " It is not an easy matter to draw an exact dividing line between candy and pastry," it proceeded to a determination based considerably on a disinclination toward making, at the time, a change in classification previously made under the tariff act. But a decision of the amount of duty to be paid on an importation under the tariff act is a different matter from a criminal prosecution, and I am persuaded that under the facts of that case, a criminal charge clearly would not have been sustained because of the very difficulty the court itself found in drawing a dividing line between candy and pastry. And it has been said also that " the provisions of a penal statute are to be construed more strictly than the terms of a contract." (*People* v. *Friedman*, 132 App. Div. 61, 62.)

The information is dismissed and the defendant discharged.