BOROUGH OF COLLINGSWOOD, PLAINTIFF-RESPONDENT, v. RODMAN BOYER AND GERALDINE BOYER, DEFENDANTS-APPELLANTS.

Camden County Court
Law Division

Decided February 11, 1960.

562

Before ANTHONY C. MITCHELL, Judge of the County Court, without a jury.

*Mr. Ralph S. Warrington,* Municipal Prosecutor, for the plaintiff-respondent Borough of Collingswood.

*Mr. William R. Farr (Messrs. Cobbin & Farr),* for the defendants-appellants.

MITCHELL, J. C. C. The defendants are charged with violating the provisions of an ordinance of the Borough of Collingswood (No. 571), entitled "An Ordinance for the Preservation of the Public Peace and Good Order, and for the Observance of the First Day of the Week, commonly called Sunday," adopted May 18, 1959. The alleged offenses arose out of the same questions of law and fact, and, hence, were consolidated for the purpose of trial.

The complaints charge that the defendants, on Sunday, July 19, 1959, "did engage in worldly employment or business which was not an employment or business of necessity and charity, in that he (she) did sell baked goods to the

complainant, J. S. Holcombe, namely ½ dozen donuts for off premises consumption."

The defendants do not deny the fact that the baked goods were sold by them on Sunday; but by way of defense say that the merchandise which was sold was exempt from the prohibition of the ordinance. Additionally, they contend that the borough has failed to carry the burden of proving that the activities of the defendants are not "works of necessity and charity."

The ordinance in question follows closely the wording of *N. J. S.* 2*A*:171–1. Section 1 of the ordinance is an exact copy of section 1 of *N. J. S.* 2*A*:171, with the substitution of the words "this Borough" for the words "this state," reading as follows:

"Section 1. No worldly employment or business, except works of necessity and charity, shall be performed or practiced by any person within this Borough on the Christian Sabbath, or first day of the week, commonly called and hereinafter designated as Sunday."

Section 2 of the ordinance also closely follows the wording of *N. J. S.* 2*A*:171–2. It excludes from its prohibition "the preparation and sale of drugs, meals, prepared food and non-alcoholic beverages on Sunday"; and goes on to say "nor shall the same apply to any other lawful acts or works of necessity and charity, nor to any sales, acts or works which may now or hereafter be permitted by the laws of the State of New Jersey."

Parenthetically, it will be observed that the Legislature amended the provisions of *N. J. S.* 2*A*:171–2, by *chapter* 131 of the *Laws of* 1959 (effective June 18, 1959), by adding to the exclusions "the preparation and sale of * * * perishable agricultural and horticultural products." By the terms of the ordinance, the sale of such merchandise is also excluded from its prohibition inasmuch as such activity falls into the category of "any sales, acts or works which may now or hereafter be permitted by the laws of the State of New Jersey."

564

The facts in the cases are not in dispute. On July 19, 1959, which was a Sunday, the defendants at their bakeshop in the Borough of Collingswood, sold to the complainant one-half a dozen of doughnuts. The doughnuts were the type usually purchased in a bake shop, and were fit for immediate consumption. The store portion where the sale was made had an ordinary counter behind which the merchandise was bagged and then delivered to the purchaser. In front of the counter was a table with some chairs around it, and in the window of the shop was a sign which advertised the fact that coffee and other articles of food were available for purchase and, at least from the testimony concerning the sign, it could be inferred that anything purchased might be consumed on the premises at the table which was placed there for this purpose. On the other hand, the facts were rather clear that it was the understanding of the defendants that the aforesaid doughnuts, which were placed in a paper bag, were to be removed from the premises for consumption elsewhere.

The contention of the defendants that the borough has failed to carry the burden of proving that the activities of the defendants are not "works of necessity and charity" is a question of fact rather than a question of law. The ordinance excepts from its operation "works of necessity and charity." The defendants were obviously not engaged in charitable work, but rather were in the business of selling baked goods for personal profit. We are concerned, therefore, only with whether or not they were engaged in a work of necessity, and whether what was being done constituted worldly employment or business on Sunday. This question was discussed in the case of *Orange v. Jordan Corporation*, 52 *N. J. Super.* 533 (*Cty. Ct.* 1958), in which the court said (at *page* 542):

"But, whether we accept the definition of 'necessity' as:
'Something indispensable; a necessity; a requisite; as, sufficient for the necessities of life. * * * A state or condition im-

peratively demanding relief or assistance; urgent need; * * *.'
*Webster's New International Dictionary, Second Edition, Unabridged,*

or that suggested by the Supreme Court of Appeals of Virginia in
*Francisco v. Commonwealth* * * * (180 *Va.* 371, 23 *S. E.*
2d 238):
'While we realize that the words are difficult to define we think
the following is a more practical definition: The work of necessity
covered by the exception in the statute is not merely one of absolute
or physical necessity, not merely something required to furnish
physical existence or safety of person or property, but embraces as
well all work reasonably essential to the economic, social or moral
welfare of the people, viewed in the light of the habits and customs
of the age in which we live and of the community in which they
reside. While the word necessity is elastic and relative, and should
be construed with reference to the conditions under which we live,
the elasticity should not be extended so far as to cover that which
is merely desirable and not reasonably essential,'

the authorities are in accord that the question of what constitutes
a work of necessity, ultimately becomes a question of fact for the
jury or the trier of the facts, rather than a question of law for the
court."

The borough relies upon the case of *State v. Corologos,*
101 *Vt.* 300, 143 *A.* 284, 59 *A. L. R.* 1541 (*Sup. Ct.* 1928),
in support of its contention that sale of baked goods does
not constitute a work of necessity. In that case the de-
fendant sold ice cream, sundaes, milk shake, hot chocolate
and lemon sour on Sunday, in violation of a state law pro-
hibiting any secular business or employment on Sunday,
except works of necessity and charity. In that case the
court said:

"We are satisfied that the word 'necessity' should be construed
with reference to the present conception of its meaning. This does
not mean, of course, that business or employment which is merely
convenient, agreeable, desirable, or profitable for the one engaged
therein, or for another, can be lawfully excused as necessary. * * *
But assuming that under the present mode of living the commodities
in question have attained the dignity of necessaries the same as
meat. butter, sugar, eggs, etc., an indiscriminate sale of them on
the Sabbath to all who desire to purchase, regardless of necessity,
cannot be excused under this statute. No one has ever had the
temerity to claim that the butcher or grocer can keep open market on
Sunday simply because the articles in which they deal constitute

necessaries. Admitting that a reasonable necessity for any commodity may excuse a sale thereof on Sunday, nothing short of such necessity will excuse it. To hold otherwise would be to repeal, in effect, the express limitation imposed by the Legislature." (143 *A.*, at *pages* 286–287)

The same principle was enunciated in 50 *Am. Jur., Sundays and Holidays*, § 18, *p.* 817, which states as follows:

"Indiscriminate and general sale of foods or food products to purchasers, regardless of need, generally is not considered a work of necessity within an exception to a Sunday Observance Law, exempting from its operation works of necessity. So, general sales of meat, or of bread, pastries, ice cream, milk, ice or fruit from a market, shop or store to customers upon Sunday, merely because, as a matter of convenience, they prefer to make their purchases on Sunday rather than upon a weekday, cannot be justified as works of necessity."

On the basis of the facts in this case, and in full agreement with a part of the opinion of the learned magistrate below, I conclude that the sale of baked goods on Sunday does not constitute a work of necessity.

The crux of the defendants' argument is that the sale of baked goods is expressly excluded from the prohibition of the ordinance in that baked goods, and more specifically the half a dozen doughnuts in question, are "prepared food." The ordinance in question, as heretofore stated, closely follows the wording of *N. J. S.* 2*A*:171–1 *et seq.*, and in each is contained the following phraseology: "Nothing contained in this chapter [ordinance] shall be construed to prohibit the preparation and sale of drugs, *meals, prepared food* * * *." (Italics ours)

Justice Burling, speaking for the Supreme Court in the case of *Auto-Rite Supply Co. v. Woodbridge*, 25 *N. J.* 188 (1957), expressed the opinion of the court as follows (at *page* 196):

"* * * Sunday closing ordinances may not be validly enacted to conflict with a statute which declares state policy, namely, no worldly employment or business may be performed, excepting works

of necessity and charity within the statutory contemplation and those activities mentioned in the statute and placed with the will of the electorate by local referendum vote. There is no middle ground."

 If the ordinance authorized Sunday activities prohibited by our state law, it would be invalid. In the present case the borough ordinance specifically excludes *meals* and *prepared food,* the same as does the statute itself. The question, therefore, for this court to answer is, what did the Legislature intend by the use of the term "prepared food." Counsel have been unable to direct my attention to any reported case in New Jersey on the subject, and the standard legal works do not define the words coupled in this fashion. Apparently no legislative hearings were held at the time that the law revision was under consideration, so that the record is barren as to legislative intent. There is one case in the State of New York, *People v. Wolen,* 161 *Misc.* 286, 291 *N. Y. S.* 665 (*Sup. Ct.* 1936) which held that canned foods were "cooked and prepared food."

The defendants contend that the lack of judicial interpretation is apparently due to the judicial acceptance of the common meaning of the term "prepared food." They argue, with considerable persuasion, that the Legislature meant any food not in its original state. They allege that the baked goods in question were fully prepared for eating. The borough, on the other hand, says that it is not reasonable to believe that the Legislature in the use of the term "prepared food," intended to exclude all food that had some work done upon it in preparation for its ultimate use. It cites the example of harvested grain which is sent to the mill and ground into flour or meal and then used for the preparation of innumerable food products; or the ingredients of many foods which are readily edible upon opening the container in which they are enclosed. It further contends that, in order to escape the prohibition of the statute, or in this case the ordinance, food must be ready to be consumed in the normal manner and in the nature of a meal or a part thereof.

*Webster's Unabridged Dictionary* (*2d ed.*) defines the word "prepared" as "put into a state for use." The *New Century Dictionary* (1953 *ed.*) defines "prepared" as "made ready" and, with regard to food, "get ready for eating, by due assembling, dressing, or cooking." In *Thomas v. Winchester, 2 Seld. 397, 411, 6 N. Y. 397, 411, 57 Am. Dec. 455 (Ct. App. 1852)*, the court held that "prepared" must be understood as manufactured or processed as opposed to food in its original state. The Court of Customs Appeals stated: "In a general sense it implies that fresh or raw materials have undergone certain mechanical changes, such as cutting, slicing, grinding, mashing, mixing, etc., and usually implies that it has been advanced toward the condition in which it is used." *U. S. v. Conkey and Company, 12 Custom Appeals 552, 555 (1925)*.

In *People v. Wolen, 161 Misc. 286, 291, N. Y. S. 665 (Sup. Ct. 1936)*, the court held that "cooked and prepared food" included not only cooked meats such as corned beef, tongue, bologna, frankfurters, and the like, but also canned foods. It should not be said that the Legislature had in mind only particular items when it employed such a general term as "prepared food."

*Webster's Unabridged Dictionary* (*2d ed.*) defines "meal" as "the portion of food taken at one time to satisfy appetite." From this definition it can be seen that a meal consists of certain portions of prepared food. In other words, the constituent parts of every meal are portions of prepared food. On the other hand, a portion of prepared food is not necessarily a meal.

The Legislature, in passing *N. J. S. 2A:171–2* and using the terms "nothing contained in this chapter shall be construed to prohibit the preparation and sale of * * * *meals, prepared food,* * * *"* intended the italicized words to be separate and distinct from each other. For this reason the *meanings* of the words "meals" and "prepared food" must have been intended by the Legislature to be different. The court, therefore, is of the opinion that the words "pre-

pared food" mean food fit for immediate consumption either on or off the premises where the sale is made.

On the basis of the facts and the law in the case, the ruling of the court is that the half a dozen doughnuts fall within the meaning of the term "prepared food," and that such sale does not constitute a violation of the Sunday observance ordinance of the Borough of Collingswood. Accordingly, a judgment of not guilty will be entered as to both defendants, and all fines and costs heretofore paid will be ordered to be returned.