Harold H. Hymes, J.
The defendant has been arraigned upon an information charging him with violating the Sabbath Law (Penal Law, § 2147). This is a motion by the defendant to dismiss this, information on the grounds (1) that the item of merchandise which was alleged to have been sold was excepted under subdivision 4 of section 2147, and (2) that section 2147 of the Penal Law is unconstitutional because it is vague and ambiguous.
■ Daw’s Drug Store is a chain store selling, not only drugs, medicines and other items usually associated with a pharmacy, but also miscellaneous and sundry items of general merchandise. The defendant here is one of 10 merchants, all of whom were charged, on separate informations filed with the City Court of *157 Utica, with the violation of section 2147 of the Penal Law. Each was served with a summons. Upon the date of their appearance in City Court, they were arraigned on the informations.
The attorney appearing for defendant Berko witz objected to the arraignment on the ground that a warrant of arrest had not been issued. The said defendant stood “mute” and entered no plea to the charge.
Upon the adjourned date, the District Attorney moved to withdraw all of the informations and to discharge all of the defendants, stating that it appeared from subsequent investigation that the defendants and other retailers were now observing the Sabbath Law. All of the defendants, except Berko witz, joined in this motion, and the court approved the withdrawals of the informations and ordered the defendants discharged. However, the attorney for defendant Berko witz refused to join in the motion of the District Attorney, and made a separate motion to dismiss the information on the grounds stated above.
It is the contention of the defendant’s attorney that the ambiguity and vagueness of this section of the Penal Law made it impossible for his client to determine what items were forbidden to be sold on Sunday. The District Attorney has refused to agree with him on a list of items that could be legally sold on Sunday, it being the District Attorney’s contention that such an agreement was beyond his jurisdiction, and that it was up to the courts to decide what items can be sold on Sunday under the Penal Law.
This information alleges that the defendant violated section 2147 of the Penal Law in that as manager, or person in charge, he sold “ two cans of Dry Tank (gas line anti-freeze) ” on Sunday, January 22, 1967. It is the defendant’s contention that this preparation should be considered the same as “ gasoline ”, which is an item permitted to be sold on Sunday. He argues that this product is composed of petroleum distillate and methanol, both ingredients being by-products of crude oil, as is gasoline; that it combines with gasoline and is combustible with it; and that since the Legislature has permitted the sale of gasoline its purpose was obviously to permit people to travel in automobiles on Sunday and that this product is necessary in cold weather climates for the proper functioning of an automobile engine.
Section 2147 of the Penal Law is a general prohibitory section forbidding all manner of public selling or offering for sale of any property on Sunday. But this general prohibition is modified by certain listed exceptions. It has been established by the Legislature, and approved by the many cases that have *158 upheld .the constitutionality of the Sabbath Laws, that it is the public policy of the State of New York to set aside Sunday as a day of repose (Penal Law, § 2140). Therefore, any exceptions to this public policy must be given strict interpretation.
Some of the exceptions are generic in character and include a number of items; for example, “.confectionery” (People v. Kent, 163 Misc. 887); “ cooked and prepared foods ” (People v. Wolen, 161 Misc. 286); “ articles of food ” (People v. Shifrin, 301 N. Y. 445).
Other exceptions, however, are specific; for example, ‘ ‘ flowers ” (People v. D’Andre, 122 N. Y. S. 2d 585); “ newspapers, magazines ” (People v. Corpora, 15 N Y 2d 702).
One of these specific exceptions is “gasoline”. The word “ gasoline ” should be construed according to its natural and most obvious sense, without resorting to an artificial or forced construction (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §94).
Gasoline specifications are set forth in sections 324 to 326 of the General Business Law. Webster’s International Dictionary (2d ed.) states that petroleum “ is prepared for use by fractional distillation into gasoline and naphthas, burning oils (as kerosene), lubricating oils and waxes, fuel oils, asphalts and road oils, coke, etc. ” To expand the meaning of the word “ gasoline ’ ’ so that it would include all petroleum' distillates, as the defendant here proposes, would bring within its definition a host of these by-products which could not conceivably have been intended by the Legislature.
As it has been said so often by many other courts, the courts must construe the statutes as they find them and they may not review the discretion of the Legislature or the propriety of its actions. “We must read statutes as they are written and, if the consequence seems unwise, unreasonable or undesirable, the argument for change is to be addressed to the Legislature, not to the courts. ” (People v. Kupprat, 6 N Y 2d 88, 90.)
The motion to dismiss the information, on the grounds set forth by the defendant, is denied.
However, the motion made by the District Attorney to withdraw the information is granted, and the defendant is discharged.