Abraham L. Banner, J.
All of the above defendants are alleged to have violated section 3 .of the General Business Law on December 22, 1974 in that they committed acts which constituted Sabbath breaking. It is to be noted that the alleged Sabbath-breaking violation was committed on one occasion by all but .one of the defendants, who is .alleged to have violated the statute on a prior occasion. The defendants’ acts which constituted the violations were alleged to have been public sales and offers for sale of goods and merchandise not specifically exempted under section 9 of the General Business Law.
The statutes contained in article 2 of the General Business Law are derived from sections 2140' through 2153 (as amd.) of the Penal Law of 1909.
The court is ever mindful of the religious and historical tradition, significance and necessity of. one day of each week being set apart for rest and religious uses. This need is as necessary, essential and vital today as it was in biblical times and the courts have on prior occasions upheld the constitutionality of this and other Sabbath observance statutes.
While this court has serious doubts as to the reasonableness and necessity of ¡some of the exempted and permitted activities on the day of rest, such as public sports, sales of real estate, *31 cemetery monuments, and .souvenirs, and what may; appear to be arbitrary hours when certain exempted merchandise may be sold or offered fdr sale, it is for the Legislature to determine and legislate on this subject.
However, this court finds that it is unable to enforce the punishment as provided in sections 4 and 12 of* the General Business Law by reason of the vagueness, ambiguities and inconsistencies therein satffoirth. The punishment for Sabbatih breaking as set forth in section-4 provides, among other things, that Sabbath breaking is a misdemeanor punishable by a fine of not less than $5 and not more than $10, or by imprisonment in a county jail not exceeding five days, or by both, but for a second o^ other offense, where the party shall -have been, previously convicted, it shall be punishable by a fine not less than $10 and not more than $20 or by imprisonment in a county jail not less than five nor more than 20 days, or both. This section is in conflict with' subdivision 4 of section 10.00 of the Penal Law wherein a misdemeanor is: defined as an offense, other than a. “traffic infraction ”, for which -a sentence to a term of imprisonment in excess of 15 days may be imposed, but for which a sentence to a term of imprisonment, in excess of one year, cannot be imposed.
Criminal penalties such as misdemeanor convictions are most serious, far reaching and have lasting and permanent consequences. Such conviction must be ever borne by an offender and his family and will adversely affect his livelihood and future. Where .there is doubt as to legislative intent as to the nature of the punishment for an act, as in the instant cases, such doubt must be resolved in favor of the alleged offenders. To do otherwise would run counter to our Nation’s basic beliefs, tenets and traditions.
This court finds that the forfeiture penalties as -set forth in section 12 are likewise incapable of enforcement. This section was originally section 2149 of the Penal Law of 1909 which latter section originated from section 270 of -the.Penal Code (L. 1881, ch. 676, as amd. by L. 1883, ch. 3568, § 5). The said section provides: “ In addition to the penalty imposed by section four, all property and commodities exposed for sale on the first day of the week in violation of the provisions of this article shall be forfeited. Upon conviction of . the offender by a justice of the peace of a county, or b*y any police justice or magistrate, ■such officer shall issue -a warrant for the seizure of the forfeited articles, which, when seized, shall be sold on one day’s notice and the proceeds paid to the overseers of the poor, for the use *32 of the poor of the town or city.” The present Justice Courts, prior to the enactment of the Uniform Justice Court Act, were known and functioned as Justice of the Peace Courts in towns throughout the State. Their jurisdiction then and now was and is limited to the respective town’-s geographical boundaries. To this court’s knowledge there never was or has been a ‘ ‘ justice of the peace of a county” us set forth in this section and this court cannot be deemed to be the successor to such court under the Uniform Justice Court Act.
The Town -of Poughkeepsie is a -suburban town and to this court’s knowledge, has no “ overseers of the poor ” or similar town agency to whom proceeds of a sale of forfeited articles could be legally and properly transferred. The said statute is further vague in that it has failed to define and set standards to enable the court to determine which persons are the “ poor of the town ” who are to be the ultimate recipients of the proceeds of the sale of said forfeited goods.
Statutes require frequent legislative review and legislation, if necessary, to update them to meet and serve current needs. This article is a classic example of outdated legislation where immediate and intensive legislative review is necessary, essential and required.
This court is unable to enforce the penalties as prescribed in sections 4 and 12 of the General Business Law by reason of their vagueness and impossibility of enforcement, and all of the informations .are accordingly dismissed.