Hogan, P. J.
(dissenting). This case involves a consolidated *682 appeal by the People from the dismissal of 21 informations against each and all of the defendants. The information charged each of the defendants with selling merchandise in violation of the Sabbath Laws (General Business Law, §§ 2-12). The court below dismissed the informations, stating that the penalties for Sabbath breaking and the forfeiture provisions contained in sections 4 and 12 of the General Business Law are incapable of enforcement. (See People v Adams, 80 Misc 2d 29.)
Our Sabbath Laws, which now permit countless activities on Sunday, including sporting contests of all kinds, have long merited reappraisal in light of present day realities. In 1882, when these laws were enacted the framers could not have visualized present day conditions.
In recent years with respect to these laws, there have been many judicial calls for enlightened thinking which are most compelling.
The Sabbath Laws had their origin in this State more than three hundred years ago in the conditions of the Burgomaster of Amsterdam, 1658, which required the city to furnish the colonists with a schoolmaster to read the Holy Scriptures in public. This religious aspect was carried over in the Duke of York’s Laws of April, 1664, and again perpetuated by the Charter of Liberties of October, 1683, when religious freedom was guaranteed to the colonists. These religious aspects continued until the Act of October 22, 1695. That Act contained provisions similar to article 192 of the Penal Law of 1909 from which our current Sabbath Laws are derived almost word for word. We now live with a set of laws which originated more than 275 years ago. The repeated liberalization by court decisions and legislative amendments present a crazy-quilt pattern which is arbitrary, capricious and unrealistic in this day and age. By permitting certain businesses to remain open, by permitting sale of certain items at specified times of the day and by generally using incongruous and contradictory standards and exceptions, these statutes do not even logically further the supposed public policy of the State as expressed in sections 2-12 of the General Business Law.
When reason and experience tells us that these statutes are anachronistic and no longer have validity, rationalization for their continued recognition becomes extremely difficult. For better, for worse, Sunday is no longer a day of repose. There is little, if any, justification in law or in fact for preservation of *683 this historic relic which is so universally violated. It serves no salutary purpose for our courts to continue, year after year, holding these Sabbath Laws constitutional. Do we not abnegate our responsibility and authority by ingeniously suggesting that the Legislature must make the change? Is it not an inescapable fact that the Sabbath Laws have completely lost their viability and may no longer be defended on constitutional grounds? Does not the legislative enforcement of this continuously violated statute weaken the respect of citizens both for the agencies which enforce the laws and the courts which uphold them?
It is my opinion that the Sabbath Law (Public Traffic on Sunday, General Business Law, § 9) as presently enacted is unconstitutional. Although the purpose of the statute is to set apart a day of the week for rest, religious and/or recreational uses, I fail to see how the present law carries out the manifested intent of the Legislature. While the section begins by prohibiting all sales on Sunday, it goes on to carve out approximately two dozen exceptions. This list of exceptions has been amended on an ad hoc basis so that today there is no apparent rhyme, reason or relationship between those sales which are permitted on Sunday and those which are proscribed. Surely, the original purpose of the statute has been so frustrated by the arbitrary and haphazard exceptions added by the Legislature that the prohibitions remaining no longer achieve the result for which the statute was enacted. While I am not unmindful of the long list of cases upholding the validity of the Sabbath Laws (see McGowan v Maryland, 366 US 420; People v Weston’s Shoppers City, 30 NY2d 572; People v L. A. Witherill, 29 NY2d 446; People v Genovese, 24 NY2d 917; People v Friedman, 302 NY 75), it is to be noted that the Court of Appeals in its latest decision, People v Weston’s Shoppers City (supra), indicated that there are substantial constitutional questions concerning the Sabbath Laws as presently enacted. Indeed, in general, the law, like society, is constantly changing and accordingly, what was previously held to be constitutional may no longer be constitutional today. While in Friedman (supra, p 80) the Court of Appeals indicated that it will not require the statutes to be "perfectly symmetrical in its pattern of exclusions and inclusions” a close study of the exceptions to the present statute, section 9 of the General Business Law, leads one to conclude that the statute is now lacking even the minimal symmetry which the *684 Court of Appeals apparently found to exist at the time of that decision.
Moreover, the present Sabbath Law is now so variegated as to be an anomaly in light of its original purpose. Thus, although bowling alleys and other recreational facilities are permitted to open on Sunday, a bowler cannot purchase a bowling ball, a golfer cannot purchase golf balls and a skier cannot purchase ski wax. While a Sunday driver can purchase gasoline, oil and tires, he cannot purchase anti-freeze (People v Berkowitz, 54 Misc 2d 156), windshield wiper blades, spark plugs or headlight bulbs, any one of which might be essential to his safety.
Accordingly, I find the statute offers no reasonable basis for the distinction between those sales that are permitted on Sunday and those that are proscribed. In addition, I find that the statute interferes with, rather than enhances, the public’s ability to utilize Sunday as a day of repose. For these reasons, I conclude that section 9 of article 2 of the General Business Law, as it now exists is unconstitutional. Finally, it is to be noted that I am in complete agreement with the lower court’s conclusion as to the invalidity of sections 4 and 12 of the General Business Law.
Glickman and Pittoni, JJ., concur. Hogan, P. J., dissents and votes to affirm the order of dismissal in separate memorandum.